138

## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph Beyda

v.

Ralph D. Kaiser Co., Inc.

Case No. (Law) 133588

Robert V. Choisser et al.

v.

Ralph D. Kaiser Co., Inc.

Case No. (Law) 133746

November 3, 1994

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on the Receiver's petition for compensation in Law No. 133588 and on the motion of the plaintiff in Law No. 133746 to compel payment by a garnishee or, alternatively, to compel assignment to the plaintiff of beneficial interest in a life insurance policy.

In Law No. 133588, the Receiver seeks compensation for services rendered through September 25, 1994, pursuant to the order of this Court of August 30 appointing him as receiver for the Ralph D. Kaiser Company, Inc. Robert V. Choisser, Trustee, as a judgment creditor of the Kaiser Company, opposes payment to the Receiver before payment to Choisser on the grounds that Choisser's judgment lien was secured by a writ of fieri facias before the appointment of the Receiver and therefore is entitled to priority over any claim of the Receiver for compensation.

The Court finds that as between the Receiver and Choisser, the Receiver is entitled to priority of payment despite the lien of fieri facias. Where a

receiver is appointed at the instance of and for the benefit of lien creditors and marshals the assets of the debtor for the benefit of all creditors, the charges and expenses of the receivership take priority even over secured creditors. *Jackson Coal Co. v. Phillips Line*, 114 Va. 40 52, 75 S.E. 681 (1912). Choisser may be entitled to priority as to other general creditors, but not as to the Receiver.

However, the Court denies the Receiver's motion for payment of compensation at this time. Pursuant to § 8.01-589(B) of the Code of Virginia, a receiver "shall promptly report to the court the execution of the bond or bonds required in § 8.01-588 and make the reports and perform the duties required of him. *No compensation shall be allowed him until he has performed the duties aforesaid.*" (Emphasis added.) Although the bonds required of the Receiver are in place and although the Receiver may be performing the duties required of him (as his bills submitted would indicate), no report of the Receiver has yet been filed. Although deferring compensation at this stage may work a hardship upon the Receiver, it is not within the Court's discretion to allow compensation until a report has been filed. That does not mean that the Receiver can only receive compensation once a year. The Court's order of August 30, 1994, appointing the Receiver requires that he report *no later* than January 31st of each year "the balance to the credit of this case, the manner in which any money was received by him in this case, the manner in which it is invested, the amounts received, invested or paid out during the year ending the 31st day of December of the current year, the approximate date on which the monies held for any beneficiary will become payable, and the whole amount then invested and subject to the future order of this Court." The order also provides that the Receiver "shall be at liberty from time to time to make application to this Court for such further orders or directions as he may deem necessary or proper." This Court holds that until such time as an initial report is filed, it would be contrary to the statute to compensate the Receiver. Should the Receiver choose to file a report with this Court, albeit of an interim nature, then the request for compensation may be acted upon at that time. Nothing in the statute would seem to preclude the Receiver from making such interim reports (for example, quarterly) during his tenure in order to receive compensation on a more regular basis.

In Law No. 133746, Choisser's motion to compel payment by the garnishee or an assignment of beneficial interest in the life insurance policy is denied. Although any priority of Choisser as a creditor relative to other creditors is unaffected by the receivership, the appointment of the receiv-

ership does preclude Choisser's enforcement of its judgment through normal collection channels. As such its garnishment action is stayed. In addition, such stay is further granted as to Confederate Life Insurance Co. as a result of Confederate's rehabilitation.

Choissier's reliance on § 8.01-597 of the Code in relation to this garnishment is misplaced. That statute relates only to an action against the receiver with regard to any act or carrying on of business in connection with the receivership property, which suit may be filed without leave of court. It does not relate to efforts by a creditor to enforce one of many judgments against the party subjected to the receivership.